IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
USMAN ALTAF MIAN,            )
                             )
     Plaintiff,              )
                             )      CIVIL ACTION NO.
     v.                      )      2:22cv606-MHT
                             )          (WO)
FRANCISCO J. GARZA           )
BETANCOURT, an individual;   )
and RAGAR TRANSPORTATION,    )
LTD., a corporation,         )
                             )
     Defendants.             )
```

ORDER

The allegations of the notice of removal are insufficient to invoke this court's removal jurisdiction under 28 U.S.C. §§ 1332 (diversity of citizenship) and 1441 (removal).  To invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's citizenship.  *See McGovern v. American Airlines, Inc.*, 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).*  The

_____

        *  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of

allegations must show that the citizenship of each plaintiff is different from that of each defendant. *See* 28 U.S.C. § 1332.

The removal notice is insufficient because it does not properly indicate the citizenship of a party that is a 'limited partnership': defendant Ragar Transportation, Ltd. "In *Carden v. Arkoma Assocs.,* 494 U.S. 185, 195-96 ... (1990), the Supreme Court held that for purposes of diversity of citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020, 1021 (11th Cir. 2004). The notice must therefore allege the citizenships of all the partners. And if a partner consists of another entity, the complaint must reflect the citizenship, or citizenships, of each and every entity based on the nature of that entity.

---

the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

While the removing party has named the sole partner of the limited partnership, which is a limited liability company, and the members of the limited liability company as well as of its subsidiary entities, it has not alleged the *citizenship* of the individuals who are members of the various entities. An allegation that an individual is a "resident" of a State is not sufficient to establish that a party is a "citizen" of that State. *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir.), cert. denied, 404 U.S. 995 (1971).

\*\*\*

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the removing defendant has until November 1, 2022, to amend the notice of removal to allege jurisdiction sufficiently, *see* 28 U.S.C. § 1653; otherwise, this lawsuit shall be remanded to state court.

DONE, this the 19th day of October, 2022.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**